1
2
3
4
5

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 12-MJ-2958 |
| ) | |
| v. ) | |
| ) | |
| YUN CHEN, ) | ORDER OF DETENTION |
| aka "Jimmy Chen," ) | |
| ) | |
| Defendant. ) | |

I.

A. ( )   On motion of the Government in a case allegedly involving:

    1. ( )   a crime of violence.

    2. ( )   an offense with maximum sentence of life imprisonment or death.

    3. ( )   a narcotics or controlled substance offense with maximum sentence of ten or more years .

    4. ( )   any felony - where the defendant has been convicted of two or more prior offenses described above.

    5. ( )   any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

B. ( X ) On motion by the Government / ( ) on Court's own motion, in a case allegedly involving:

( X ) On the further allegation by the Government of:

1. ( X ) a serious risk that the defendant will flee.

2. ( ) a serious risk that the defendant will:

a. ( ) obstruct or attempt to obstruct justice.

b. ( ) threaten, injure, or intimidate a prospective witness or juror or attempt to do so.

C. The Government ( ) is/ ( X ) is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of any person or the community.

II.

A. ( X ) The Court finds that no condition or combination of conditions will reasonably assure:

1. ( X ) the appearance of the defendant as required.

( X ) and/or

2. ( X ) the safety of any person or the community.

B. ( ) The Court finds that the defendant has not rebutted by sufficient evidence to the contrary the presumption provided by statute.

III.

The Court has considered:

A. the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

B. the weight of evidence against the defendant;

C. the history and characteristics of the defendant; and

D. the nature and seriousness of the danger to any person or to the community.

IV.

The Court also has considered all the evidence adduced at the hearing and the arguments and/or statements of counsel, and the Pretrial Services Report/recommendation.

V.

The Court bases the foregoing finding(s) on the following:

A. ( X )  As to flight risk:

Defendant's frequent international travel, including the fact that agents took him into custody off an international flight, demonstrates his ability to leave the United States;

The sophisticated and long-term nature of the charged alien-smuggling conduct indicates defendant's significant ties to foreign countries;

Defendant's significant personal ties to both Brazil and China, including a home in Brazil, and his significant amount of time in foreign locales, demonstrate his lack of ties to the United States;

The significant amount of profits attributable to defendant through the smuggling scheme ($9000 per alien from Arizona to LA; more than $300,000 in total) give defendant the financial ability to flee; when coupled with his international ties, the risk of flight is great; and

The fact that defendant has lived in the United States since he was approximately 9 years old, yet never naturalized to become a United States citizen, indicates a lack of willingness to subject himself to the laws of the United States and makes it less likely that defendant would willingly abide by any terms or conditions of release set by this Court.

B. ( X )  As to danger:

Defendant's scheme required the use of false Chinese passports, which means that aliens entering the United States illegally using this scheme not only evaded American customs and border protections, it means that these aliens were entering the United States under false identities.  This endangers national security for a

number of reasons, but chief among them is that it (a) enables aliens who are on watch lists to enter the United States without detection, and (b) it prevents American law enforcement from detecting and stopping dangerous aliens and known criminals from entering the United States.  Defendant's willingness to engage in such conduct evidences a disregard for public safety that cannot be mitigated by terms and conditions of release;

If defendant were released on bond, there would be no practical way to ensure that he would not continue to participate in this scheme, further endangering the public; and

The ultimate goal of defendant's smuggling operation, which was to fly illegal aliens into the United States on false passports, creates a danger to the public because it allows aliens to evade detection by law enforcement.  Defendant's willingness to participate in this scheme indicates a disregard for public safety that would present a danger to the community if defendant were released on bond.

## VI.

A. ( )    The Court finds that a serious risk exists that the defendant will:

    1. ( )  obstruct  or  attempt to  obstruct  justice.

    2. ( )  attempt to/ ( )  threaten, injure or intimidate a witness or juror.

B. The Court bases the foregoing finding(s) on the following: _____

_____

_____

_____

_____

_____

_____

_____

## VII.

A. IT IS THEREFORE ORDERED that the defendant be detained prior to trial.

B. IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

C. IT IS FURTHER ORDERED that the defendant be afforded reasonable opportunity for private consultation with counsel.

D. IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED: December 21, 2012

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE